In re: Kenneth Moxey

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand sixteen.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
 <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

KENNETH MOXEY,
 <u>Debtor-Appellant</u>,

 -v.- 15-1528

ROBERT L. PRYOR et al.,
 <u>Appellees</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT: Kenneth Moxey, pro se, Valley Stream, New York.

FOR APPELLEES: J. Logan Rappaport, Pryor & Mandelup LLP, Westbury, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Seybert, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Kenneth Moxey appeals from the judgment of the United States District Court for the Eastern District of New York (Seybert, <u>J.</u>) affirming the orders of the bankruptcy court (Trust, <u>J.</u>) denying Moxey's motion to remove the trustee and his motion for criminal referral. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Moxey has presented no evidence that cause exists to remove the trustee; he simply offers unsubstantiated assertions that, although difficult to discern, appear to suggest that the trustee was engaged in an illegal conspiracy with the buyers of the property. This claim is completely unsupported. Moxey fares no better regarding his motion for criminal referral, as he has articulated no facts supporting his allegations of criminal activity.

For the foregoing reasons, and finding no merit in Moxey's other arguments, we hereby **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

</div>